1

John Kevin Crowley (Bar No. 88189)
**ATTORNEY AT LAW**
125 S. Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 288-8100
Facsimile:   (408) 288-9409
e-mail: jkclaw@pacbell.net

2

3

4

5

Attorney for Plaintiffs
**JESSICA DOMINGUEZ INDIVIDUALLY
AND JESSICA DOMINGUEZ AS GUARDIAN
AD LITEM FOR JAD (1), JAD (2)
AND JAD (3)**

6

7

8

9

10

## UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

JESSICA DOMINGUEZ INDIVIDUALLY
AND JESSICA DOMINGUEZ AS
GUARDIAN AD LITEM FOR JAD (1), JAD
(2) AND JAD (3),

     Plaintiffs,

    vs.

CITY OF SAN JOSE, SAN JOSE POLICE
DEPARTMENT AND DOE POLICE
OFFICERS 1, 2 and 3,

    Defendants.

Case No.: 5:18-cv-04826

 **AMENDED COMPLAINT FOR:**

**(1) VIOLATION OF CIVIL RIGHTS (42
U.S.C §1983);
(2) VIOLATION OF CIVIL RIGHTS
(CAL. CIVIL CODE §52.1);
(3) ACT OF VIOLENCE MOTIVATED
BY RACIAL BIAS (CAL. CIVIL CODE
§51.7)**

**JURY TRIAL DEMANDED**

24

25

26

27

    Plaintiffs, JESSICA DOMINGUEZ INDIVIDUALLY AND JESSICA DOMINGUEZ
AS GUARDIAN AD LITEM FOR JAD (1), JAD (2) AND JAD (3), hereby demand a trial
by jury on all claims set forth herein, and allege as follows:

28

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)      1

**INTRODUCTION**

1.     This case concerns the shooting death of JACOB ARTURO DOMINGUEZ, a 33-year old Mexican-American man who was shot one time and killed by San Jose Police officers.

2.     Jacob's wife and his three children bring claims for violations of Jacob's civil rights and his wrongful death.

**JURISDICTION**

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because the action arises under 42 U.S.C. §1983.  Venue is proper in this judicial district because the events giving rise to the claims occurred within the district.

**PARTIES**

4.     Plaintiff, JESSICA DOMINGUEZ, is the wife of JACOB ARTURO DOMINGUEZ and the mother of Jacob's minor children, and is the legal guardian for them, and brings this action both on her own behalf, and as guardian on behalf of JAD (1), JAD (2) AND JAD (3).

6.     JESSICA DOMINGUEZ INDIVIDUALLY AND JESSICA DOMINGUEZ AS GUARDIAN AD LITEM FOR JAD (1), JAD (2) AND JAD (3) are the surviving heirs of JACOB ARTURO DOMINGUEZ.

7.     Defendant, CITY OF SAN JOSE, is a municipal corporation located in the County of Santa Clara, State of California.  The CITY OF SAN JOSE maintains a police department, which acts as its agent in the area of law enforcement.

8.     Defendant, DOE I, is employed as a police officer by the CITY OF SAN JOSE, and at all times relevant to the incident described in this complaint was acting in the course and scope of that employment and was acting under color of law.

9.     On or about February 13, 2018, a written demand for reports and records was submitted to the San Jose Police Department pursuant to the Public Records Act, related to the shooting death of JACOB A. DOMINGUEZ on or about September 15, 2017 at or near Pentencia Creek Road and White Road, in the City of San Jose.  Said request was denied by the City of San Jose Police Department.

10.     Upon information and belief, each of the parties named as a Defendant was acting as the agent, servant and employee of the remaining such Defendants and was acting within the course and scope of such agency and employment, with the knowledge, permission, and consent of each other and of the remaining Defendants, and for the benefit of all or one or more of those parties referred to as Defendants.

11.     Plaintiffs are informed and believe that when the Defendants perpetrated all or some of the acts, conduct and/or omissions alleged herein, each of them individually, or through their authorized agents, servants, employees, or both, knew of such acts, conduct and omissions, and/or knowingly acquiesced in, and/or aided and abetted, and/or knowingly accepted the benefits of the same. Plaintiffs are, therefore, informed and believe that, by reason of the foregoing, Defendants are jointly and severally liable to Plaintiffs for such damages suffered as alleged herein.

**FACTS**

12.     On or about September 15, 2017, JACOB A. DOMINGUEZ was operating a KIA Sorento SUV. As he approached the intersection of Pentencia Creek Road and White Road in the City of San Jose, he was accosted by unidentified and unmarked vehicles which blocked his egress and access and stopped him in the intersection.

13.     Unbeknownst to JACOB A. DOMINGUEZ, the City of San Jose Police Department and the City of San Jose Police Officers, without police sirens, emergency lights or identification markings of any kind on their vehicles, were in pursuit of JACOB A. DOMINGUEZ, lacking probable cause or legal justification, approached the vehicle then and there occupied by JACOB A. DOMINGUEZ and without notification, warning, identification, instruction, or probable cause, approached the occupied KIA Sorento SUV and thereupon shot and killed JACOB A. DOMINGUEZ, who had presented no facts justifying the use of deadly force by the government agents.

14.     JACOB A. DOMINGUEZ was not under arrest and was never a lethal threat to the police officers or anyone else; JACOB A. DOMINGUEZ never threatened the use of force on himself or another. JACOB A. DOMINGUEZ had his hands raised above the steering wheel when a San Jose Police Officer put one bullet through the driver's side window into the left side jaw area of JACOB A. DOMINGUEZ, which described wrongful, unreasonable and excessive force caused JACOB A. DOMINGUEZ to suffer fatal injuries.  The Police Officers' conduct amounted to an extreme abuse of their positions of authority, a grossly negligent performance of their duties, and/or intentional misconduct.

**INCORPORATION OF PRELIMINARY ALLEGATIONS**

15.     Unless the context clearly indicates otherwise, the preliminary allegations contained in paragraphs 1 through 14, inclusive, shall be deemed to be incorporated herein by reference, as though fully set forth at length in each and every cause of action set forth in this complaint.

/ / /

/ / /

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)          4

**FIRST CAUSE OF ACTION**

**[Action by Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD( 1), JAD (2) and JAD (3), Minor Children, Against Defendants, and Does I through V for Violation of Civil Rights (42 U.S.C. §1983)]**

**PARTIES**

16.    Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, bring this claim against Defendants, including Does 1 through V, inclusive.

**VIOLATIONS CHARGED**

17.    On or about September 15, 2017, in which San Jose Police Officers DOE 1, DOE 2, DOE 3, DOE 4 and DOE 5 (hereinafter "Officers") did employ unreasonable and excessive force in the encounter, assessment, investigation, apprehension, assault, shooting and death of JACOB A. DOMINGUEZ at or within an automobile located at or near the intersection of Pentencia Creek Road and White Road in the City of San Jose, under the following circumstances:

18.  The City of San Jose Police Officers, without probable cause, police sirens, emergency lights or identification markings of any kind on their vehicles, were in pursuit of JACOB A. DOMINGUEZ, who, on information and belief, was operating a KIA Sorento SUV automobile. At about 7:00 p.m., as JACOB A. DOMINGUEZ approached the intersection of Pentencia Creek Road and White Road in the City of San Jose, the unmarked and unidentified pursuit police vehicles, without notice, sirens or warning of any kind, surrounded the vehicle then and there occupied by JACOB A. DOMINGUEZ and without notification, warning, identification, instruction, approached the occupied KIA Sorento SUV and thereupon discharged at least one bullet from a semi-automatic police rifle through the driver's side window into the back of JACOB A. DOMINGUEZ's

head killing him, when there was presented no material facts justifying the use of lethal or deadly force by the government agents.

19.   JACOB A. DOMINGUEZ was not under arrest and based on information and belief, was never a lethal threat to the police officers or anyone else; JACOB A. DOMINGUEZ never threatened the use of force on himself or another.

20.   The Police Officers above-described wrongful, unreasonable and excessive use of force caused JACOB A. DOMINGUEZ to suffer fatal injuries.   The Police Officers' conduct amounted to an extreme abuse of their positions of authority, a grossly negligent performance of their duties, and/or intentional misconduct and acted under color of law to deprive JACOB ARTURO DOMINGUEZ of certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

**DAMAGES**

21.   As the direct and proximate result of the conduct of the Defendants, Plaintiffs have been deprived of the decedent's care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

22.   As a further direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

23.   As a further direct and proximate result of the death of the deceased, Plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in an amount according to proof.

24.   Plaintiffs are entitled to an award of punitive damages as against the Defendants, because of their malicious conduct.

25.     Plaintiffs are entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

**[Action by Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, Against All Defendants, and Does I through V for Violation of Civil Rights (California Civil Code §52.1)]**

### PARTIES

26.     Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, bring this claim against all Defendants, including Does 1 through V, inclusive.

### VIOLATIONS CHARGED

27.     On or about September 15, 2017, in which San Jose Police Officers DOE 1, DOE 2, DOE 3, DOE 4 and DOE 5 (hereinafter "Officers"), while in the course and scope of their employment with the City of San Jose, deprived JACOB ARTURO DOMINGUEZ of certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution and did employ unreasonable and excessive force in the encounter, assessment, investigation, apprehension, assault, shooting and death of JACOB A. DOMINGUEZ at or within an automobile located at or near the intersection of Pentencia Creek Road and White Road in the City of San Jose, in violation of California Civil Code §52.1.

/ / /

### DAMAGES

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)          7

28.     As the direct and proximate result of the foregoing, Plaintiffs have been deprived of the decedent's care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

29.     As a further direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

30.     As a further direct and proximate result of the death of the deceased, Plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in an amount according to proof.

31.     Pursuant to California Civil Code §52, Plaintiffs are entitled to an award of statutory damages in an amount up to three times the amount of actual damages.

32.     Pursuant to California Civil Code §52, Plaintiffs are entitled to an award of attorney's fees.

## THIRD CAUSE OF ACTION

**[Action by Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, Against Defendants, and Does I through V for Violation of Civil Rights Against All Defendants for Committing An Act of Violence Motivated by Racial Bias (California Civil Code §51.7)]**

## PARTIES

33.     Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, bring this claim against all Defendants, including Does 1 through V, inclusive.

## VIOLATIONS CHARGED

34.     California Civil Code §51.7 provides that all Californians have the right to be free from violence committed against their person on account of their race or ethnicity.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)                    8

35.     The shooting of JACOB ARTURO DOMINGUEZ was motivated in part by racial bias.   Based on information and belief, Officers DOES 1 through V harbor an internal bias against Mexican-Americans, which causes them to perceive Mexican-Americans like JACOB ARTURO DOMINGUEZ as being more likely to commit a criminal act and being more dangerous than persons of other races.

36.     This sort of racial bias, while not uncommon, is nonetheless unacceptable, particularly in the context of law enforcement.   In this case, racial bias contributed to the death of JACOB ARTURO DOMINGUEZ by causing the officers to perceive him as more of a threat than he actually was, resulting in the officers almost immediately shooting and killing him.   This act of violence committed on account of JACOB ARTURO DOMINGUEZ' race is a violation of Civil Code §51.7.

## DAMAGES

37.     As the direct and proximate result of the foregoing and the death of the deceased, Plaintiffs have been deprived of his care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

38.     As a further direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

47.     As a further direct and proximate result of the death of the deceased, Plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in an amount according to proof.

39.     Plaintiffs are entitled to a statutory penalty in the amount of $25,000, pursuant to Civil Code §52(b)(2).

## PRAYER

**WHEREFORE**, Plaintiffs request the following relief:

1.     As against all Defendants, for compensatory and statutory damages according to proof,

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)        9

1    2.    As against the individual officer Defendants, for an award of punitive

2  damages;

3    3.    As against all Defendants, for an award of reasonable attorney's fees;

4    4.    As against all Defendants, for costs of suit; and

5    5.    For such other and further relief as the Court deems just and proper.

6

7

8  Dated:  August 14, 2018

JOHN KEVIN CROWLEY

*/s/ John Kevin Crowley*

_____

John Kevin Crowley
Attorney for Plaintiffs,
JESSICA DOMINGUEZ INDIVIDUALLY
AND JESSICA DOMINGUEZ AS
GUARDIAN AD LITEM FOR JAD (1),
JAD (2) AND JAD (3)