RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
ARDELL JOHNSON, Chief Deputy City Attorney (95340)
MAREN J. CLOUSE, Sr. Deputy City Attorney (228726)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE and MICHAEL PINA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DOMINGUEZ, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR JACOB DOMINGUEZ, JORDAN DOMINGUEZ AND JALIYAH DOMINGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, MICHAEL PINA, and DOE POLICE OFFICERS 2 through 5,<br><br>Defendants. | Case Number:  5:18-cv-04826-BLF<br><br>**DEFENDANT CITY OF SAN JOSE'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant City of San Jose, for itself, including the San Jose Police Department erroneously sued herein as a separate entity, and no other, answers Plaintiffs' Second Amended Complaint as follows:

1. Answering Paragraph 1 of the Second Amended Complaint purporting to characterize this action, Defendant denies the allegations.

2. Answering Paragraph 2 of the Second Amended Complaint purporting to characterize this action, Defendant denies the allegations.

3. Answering Paragraph 3 of the Second Amended Complaint, Defendant admits that this Court has jurisdiction but denies that any action arose under any statute from the incident alleged in the Second Amended Complaint.

4. Answering Paragraph 4 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation.

5. Answering numbered Paragraph 6 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation.

6. Answering numbered Paragraph 7 of the Second Amended Complaint, Defendant admits that the City of San Jose is a municipal corporation located in the County of Santa Clara in the State of California and that it maintains a police department for purposes of law enforcement.  Except as expressly admitted, Defendant denies the allegations in Paragraph 7.

7. Answering numbered Paragraph 8 of the Second Amended Complaint, Defendant admits the allegations.

8. Answering numbered Paragraph 9 of the Second Amended Complaint, Defendant admits that a request for records concerning the shooting death of Jacob Dominguez dated February 13, 2018 was submitted to the San Jose Police Department, which responded that it was unable to comply with the request.  Except as expressly admitted, Defendant denies the allegations in Paragraph 9.

9. Answering numbered Paragraph 10 of the Second Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation.  Defendant further responds that, under the Federal Rules of Civil Procedure, Doe Defendants are not permitted.

10. Answering numbered Paragraph 11 of the Second Amended Complaint, Defendant denies that they or any Defendant is liable to Plaintiffs.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies each and every remaining allegation.  Defendant further responds that, under the Federal Rules of Civil Procedure, Doe Defendants are not permitted.

11. Answering numbered Paragraph 12 of the Second Amended Complaint, Defendant admits that on September 15, 2017, San Jose police officers in unmarked vehicles apprehended an armed robbery suspect, identified as Jacob Dominguez, in a Kia SUV at the intersection of Penitencia Creek Road and White Road in San Jose.  Except as expressly admitted, Defendant denies the allegations in Paragraph 12.

12. Answering numbered Paragraph 13 of the Second Amended Complaint, Defendant admits that on September 15, 2017, San Jose police officers justifiably shot and killed an armed robbery suspect, identified as Jacob Dominguez.  Except as expressly admitted, Defendant denies the allegations in Paragraph 13.

13. Answering numbered Paragraph 14 of the Second Amended Complaint, Defendant denies the allegations.

14. Answering numbered Paragraph 15 of the Second Amended Complaint, Defendant incorporates its responses to numbered Paragraphs 1 through 14 of the Second Amended Complaint.

15. Answering numbered Paragraph 16 of the Second Amended Complaint purporting to characterize this action, Defendant denies the allegations.

16. Answering numbered Paragraph 17 of the Second Amended Complaint, Defendant denies the allegations.

17. Answering numbered Paragraph 18 of the Second Amended Complaint, Defendant admits that on September 15, 2017, San Jose police officers in unmarked vehicles apprehended an armed robbery suspect, identified as Jacob Dominguez, in a Kia SUV at the intersection of Penitencia Creek Road and White Road in San Jose, at which point the suspect was justifiably shot and killed. Except as expressly admitted, Defendant denies the allegations in Paragraph 18.

18. Answering numbered Paragraph 19 of the Second Amended Complaint, Defendant denies the allegations.

19. Answering numbered Paragraph 20 of the Second Amended Complaint, Defendant denies the allegations.

20. Answering numbered Paragraph 21 of the Second Amended Complaint, Defendant denies the allegations.

21. Answering numbered Paragraph 22 of the Second Amended Complaint, Defendant denies the allegations.

22. Answering numbered Paragraph 23 of the Second Amended Complaint, Defendant denies the allegations.

23. Answering numbered Paragraph 24 of the Second Amended Complaint, Defendant denies the allegations.

24. Answering numbered Paragraph 25 of the Second Amended Complaint, Defendant denies the allegations.

25. Answering numbered Paragraph 26 of the Second Amended Complaint purporting to characterize this action, Defendant denies the allegations.

26. Answering numbered Paragraph 27 of the Second Amended Complaint, Defendant denies the allegations.

27. Answering numbered Paragraph 28 of the Second Amended Complaint, Defendant denies the allegations.

28. Answering numbered Paragraph 29 of the Second Amended Complaint, Defendant denies the allegations.

29. Answering numbered Paragraph 30 of the Second Amended Complaint, Defendant denies the allegations.

30. Answering numbered Paragraph 31 of the Second Amended Complaint, Defendant denies the allegations.

31. Answering numbered Paragraph 32 of the Second Amended Complaint, Defendant denies the allegations.

32. Answering numbered Paragraph 33 of the Second Amended Complaint purporting to characterize this action, Defendant denies the allegations.

33. Answering numbered Paragraph 34 of the Second Amended Complaint, Defendant admits the allegations.

34. Answering numbered Paragraph 35 of the Second Amended Complaint, Defendant denies the allegations.

35. Answering numbered Paragraph 36 of the Second Amended Complaint, Defendant denies the allegations.

36. Answering numbered Paragraph 37 of the Second Amended Complaint, Defendant denies the allegations.

37. Answering numbered Paragraph 38 of the Second Amended Complaint, Defendant denies the allegations.

38. Answering numbered Paragraph 47 of the Second Amended Complaint, Defendant denies the allegations.

39. Answering numbered Paragraph 39 of the Second Amended Complaint, Defendant denies the allegations.

40. In response to the allegations contained in the Prayer of the Second Amended Complaint, Defendant denies that Plaintiffs are entitled to any relief.

/ /

/ /

## AFFIRMATIVE DEFENSES

AS FOR A FIRST AFFIRMATIVE DEFENSE, Defendant alleges that the Second Amended Complaint fails to state a claim upon which relief can be granted.

AS FOR A SECOND AFFIRMATIVE DEFENSE, Defendant alleges that the Second Amended Complaint fails to state facts sufficient to establish any Defendant committed or is otherwise legally responsible for a constitutional violation under 42 U.S.C. section 1983.

AS FOR A THIRD AFFIRMATIVE DEFENSE, Defendant alleges that any harm that Plaintiffs and Plaintiffs' decedent suffered was the result of negligent or otherwise wrongful conduct of persons other than Defendants, including the conduct of Plaintiffs' decedent, and that the conduct of persons other than Defendants was the sole and proximate cause of the injuries and damages alleged by Plaintiffs.

AS FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that it is immune from the state law causes of action pursuant to California Government Code sections 800 through 1000, including, but not limited to, sections 815.2(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6, and 822.2.

AS FOR A FIFTH AFFIRMATIVE DEFENSE, Defendant alleges that its actions towards the decedent were the result of his negligence and/or criminal conduct and that said actions of the decedent were the sole and proximate cause of any damages alleged by Plaintiffs in this case.

AS FOR A SIXTH AFFIRMATIVE DEFENSE, Defendant alleges that the actions complained of were lawful and justified under the facts of the case and at all times were in defense of self and others.

AS FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that it is protected by the affirmative defenses provided by California Penal Code sections 197, 834(a), 835, 835(a), 836, and 836.5.

AS FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendant alleges that it is immune from a claim of exemplary or punitive damages by virtue of Government Code section 818.

//

WHEREFORE, this answering Defendant prays:

1. That Plaintiffs take nothing by their Second Amended Complaint;
2. That Plaintiffs' Second Amended Complaint be dismissed with prejudice;
3. That Defendant be awarded costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

Respectfully submitted,

Dated:  April 15, 2019                    RICHARD DOYLE, City Attorney


By:  _/s/ Maren J. Clouse_
     MAREN J. CLOUSE
     Sr. Deputy City Attorney

Attorneys for Defendants
CITY OF SAN JOSE and
OFFICER MICHAEL PINA

7
DEF. CITY OF SAN JOSE'S ANSWER TO
SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
Case No. 5:18-cv-04826-NC
1609266