UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DOMINGUEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No. 18-cv-04826-BLF<br><br>**ORDER REGARDING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 54] |

Before the Court is Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. *See* Motion, ECF No. 54. This is a civil rights action against Defendants the City of San Jose, the San Jose Police Department, and Officer Michael Pina related to the alleged shooting of Jacob Dominguez by Officer Pina on September 15, 2017, which resulted in Mr. Dominguez's death. *See* Second Amended Complaint ("SAC"), ECF No. 37 ¶¶ 12–14. Plaintiff Jessica Dominguez, the wife of Mr. Dominguez, brings claims under (1) 42 U.S.C. § 1983; (2) California Civil Code § 52.1; and (3) California Civil Code § 51.7, both individually and as Guardian Ad Litem for her and Mr. Dominguez's minor children. *See* SAC, ECF No. 37 ¶¶ 4, 6, 16–39. The parties filed cross motions for summary judgment on March 15 and 17, 2022, which have yet to be fully briefed. *See* ECF Nos. 52, 55; *see also* ECF No. 56.

In support of their summary judgment motion, Plaintiffs submitted a City of San Jose Police Department Internal Affairs video interview with Officer Pina on the night of the shooting produced by Defendants in discovery (the "Video"). *See* Crowley Decl., ECF No. 53, Ex. 10. Defendants designated the Video "Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order. *See* Defendants' Statement, ECF No. 57 at 2; Stipulated Protective Order, ECF No. 41. In their

1    Administrative Motion, Plaintiffs seek permission to file the Video publicly, arguing that the public
2    interest in the Video outweighs any interest in sealing it. *See* Motion, ECF No. 54 at 3. In response,
3    Defendants provide exhibits to be filed publicly consisting of the two portions of the Video Plaintiffs
4    cite in their summary judgment motion with Officer Pina's face blurred. *See* Clouse Decl., ECF
5    No. 57-2, Exs. E & F. Plaintiffs have filed a statement indicating that they agree to the public filing
6    of only the two portions of the Video with Officer Pina's face blurred. *See* Plaintiffs' Statement,
7    ECF No. 57 at 2.

8    Based on the below reasoning, the Court ORDERS that Exhibit 10 to Plaintiffs' summary
9    judgment motion SHALL be kept under seal. The Court further ORDERS that the two portions of
10   the Video with Officer Pina's face blurred filed as Exhibits E and F to the Declaration of Maren J.
11   Clouse at ECF No. 57-2 are the only portions of the Video that may be shown publicly.

12   **I.    LEGAL STANDARD**
13   "Historically, courts have recognized a 'general right to inspect and copy public records and
14   documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*,
15   447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597
16   & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor
17   of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,
18   1135 (9th Cir. 2003)).

19   Parties seeking to seal judicial records relating to dispositive motions bear the burden of
20   overcoming the presumption with "compelling reasons" that outweigh the general history of access
21   and the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. Compelling
22   reasons justifying the sealing of court records generally exist "when such 'court files might …
23   become a vehicle for improper purposes,'" *id.* at 1179 (quoting *Nixon*, 435 U.S. at 598), such as:
24   "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade
25   secrets," *id.*; or "as sources of business information that might harm a litigant's competitive
26   standing," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting
27   *Nixon*, 435 U.S. at 598–99). On the other hand, "[t]he mere fact that the production of records may
28   lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without

1  more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Further, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the sealing motion to include "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, under Civil Local Rule 79-5(f), for any document a party seeks to seal because that document has been designated as confidential by another party or non-party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civ. L.R. 79-5(f). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" to support that the document(s) at issue are sealable. Civ. L.R. 79-5(f)(3).

## II. DISCUSSION

In support of sealing the Video, Defendants provide evidence that Officer Pina has received death threats on social media and in an incident of vandalism at the location where the incident at issue in this case took place. *See* Defendants' Statement, ECF No. 57 at 3–4; Offenberg Decl., ECF No. 57-1 ¶¶ 6–11; *id.*, Exs. A–D. Defendants argue that a compelling reason for sealing the Video is to prevent the public from accessing images of Officer Pina so that people who wish him harm are not able to use the Video to identify and target him. *See* Defendants' Statement, ECF No. 57 at 4–5; Offenberg Decl., ECF No. 57-1 ¶¶ 9, 12–14. Defendants further argue that by publicly filing the portions of the Video with Officer Pina's face blurred, they will ensure that the public will still be able to view Officer Pina's movements and hear his description of the incident while keeping his safety protected. *See* Defendants' Statement, ECF No. 57 at 4–5. While Plaintiffs initially argued that the entire Video should be unsealed, they now appear to agree that public disclosure of only the portions of the Video with Officer Pina's face blurred is sufficient. *See* Plaintiffs' Statement, ECF No. 57 at 2.

1       The Court agrees with Defendants. Defendants have adequately shown a compelling
2  reason—protecting Officer Pina's safety in light of death threats—for sealing the Video. Further,
3  Defendants have provided narrowly tailored portions of the Video for public disclosure with
4  Plaintiffs' agreement. Accordingly, the Court GRANTS Defendants' request that Exhibit 10 to
5  Plaintiffs' summary judgment motion remain under seal. In its place, the Court DIRECTS the
6  parties that Exhibits E and F to the Declaration of Maren J. Clouse at ECF No. 57-2 are the only
7  portions of the Video that may be shown publicly.

**III.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Exhibit 10 to Plaintiffs' summary judgment motion SHALL remain under seal; and
2. Exhibits E and F to the Declaration of Maren J. Clouse at ECF No. 57-2 are the only portions of the Video that may be shown publicly.

Dated:  March 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge