UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DOMINGUEZ, et al.,<br>Plaintiffs,<br>v.<br>CITY OF SAN JOSE, et al.,<br>Defendants. | Case No. 18-cv-04826-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION FOR USE OF ELECTRONIC, LARGE EQUIPMENT AND DEMONSTRATIVE EVIDENCE FOR TRIAL**<br><br>[Re: ECF No. 72] |

Before the Court is Plaintiffs' Administrative Motion requesting the Court's authorization of the use of various materials at trial in this civil rights case related to the shooting death of Jacob Dominguez by San Jose Police Department officers. *See* Administrative Motion, ECF No. 72. Plaintiffs seek to bring the following materials into the courtroom for trial: (1) approximately eight boxes containing documents for trial, including transcripts; (2) one or two laptop computers, as well as any necessary cables; (3) if necessary, one projector, one Elmo, and one screen; and (4) a demonstrative (the "Demonstrative") three-dimensional "mock-up" of the driver's side door and cabin of the Kia Sportage vehicle (the "Vehicle") in which Mr. Dominguez was sitting when he was allegedly shot by police officers. *See* Administrative Motion, ECF No. 72 at 1–2. The Demonstrative, which Plaintiffs have yet to construct and expect to be "very expensive and time consuming," *see id.* at 5, is a 60 x 30 x 55-inch contraption on a rolling cart. *See* Crowley Decl., ECF No. 72-1, Ex. A. The Vehicle was disposed of by Defendants after Plaintiffs served their intent to sue. *See id.* at 4–5; Crowley Decl., ECF No. 72-1, Ex. C.

Defendants do not object to Plaintiffs bringing to the courtroom the first, second, or third materials at issue in Plaintiffs' request. *See* Opposition, ECF No. 74 at 1. However, Defendants do

object to the Demonstrative, arguing that there is no foundation for the Demonstrative's fairness and accuracy; it would be misleading to the jury; Plaintiffs failed to disclose the Demonstrative to Defendants or provide Defendants an opportunity to conduct discovery into it; and Plaintiffs did not seek any remedy for the Vehicle's unavailability.  *See* Opposition, ECF No. 74 at 2–5.  Given Defendants' objections, Plaintiffs reserve the use of the Demonstrative at trial and instead request permission to produce the Demonstrative and have a pre-trial hearing on its use at trial.  *See* Reply, ECF No. 75.

The Court GRANTS Plaintiffs' unopposed requests to bring the boxes of documents and computers into the courtroom for trial.  The Court DENIES AS MOOT Plaintiffs' request to bring a projector, Elmo, and screen, since these items are available in the courtroom.  The Court DENIES Plaintiffs' request to (1) use the Demonstrative at trial and (2) produce the Demonstrative in court and have a pre-trial hearing on its use at trial.  Based on the dimensions of the Demonstrative Plaintiffs have provided, the Demonstrative will simply be too large to fit in the courtroom.  *See* Crowley Decl., ECF No. 72-1, Ex. A.  To spare Plaintiffs the "very expensive and time consuming" process of constructing a Demonstrative that will be impracticable for use at trial, *see* Administrative Motion, ECF No. 72 at 5, the Court denies Plaintiffs' requests to produce and use the Demonstrative in the courtroom.

Dated: June 29, 2022

_____
BETH LABSON FREEMAN
United States District Judge