1

2

3   **UNITED STATES DISTRICT COURT**

4   **NORTHERN DISTRICT OF CALIFORNIA**

5   **SAN JOSE DIVISION**

6

7   JESSICA DOMINGUEZ, et al.,                    Case No.  18-cv-04826-BLF

8                      Plaintiffs,

9          v.                                      **ORDER DENYING PLAINTIFFS'**
                                                    **ADMINISTRATIVE MOTION FOR**
10   CITY OF SAN JOSE, et al.,                      **PERMISSION TO FILE MORE THAN**
                                                    **FIVE MOTIONS IN LIMINE**
11                      Defendants.
                                                    [Re:  ECF No. 77]
12

13          On July 7, 2022, Plaintiffs filed an administrative motion seeking permission to file more

14   than five motions in limine.  *See* Admin. Motion, ECF No. 77.  Under this Court's Civil Standing

15   Order, only five motions in limine of five pages each are permitted.  *See* Civ. Standing Order, IV.2.

16   Plaintiffs seek to file "approximately twelve" motions in limine, citing "numerous character issues,

17   multiple prejudicial hearsay statements, spoliation of evidence, argumentative lay opinions,

18   evidence to be admitted as an exception to the hearsay rule, ban [sic] several allegations of alleged

19   prejudicial prior conduct."  Admin. Motion, ECF No. 77 at 1–2.  Plaintiffs also reference issues

20   regarding "decedent's prior criminal history, hearsay statements about the character and reputation

21   of the decedent, 'day in the life' videos of the minor children, whether an expert can appear via

22   [Z]oom, the questionable merit of some proposed opinions of the defendants' experts, and use of

23   probative demonstrative evidence[.]"  *Id.* at 2; *see also* Crowley Decl., ECF No. 77-1 ¶¶ 2–4, 6.

24   Plaintiffs' administrative motion is unopposed, and the deadline to file an opposition has passed.

25   *See* Civ. L.R. 7-11(b).

26          Plaintiffs argue that issues like the admissibility of models, "day-in-the-life" videotapes,

27   computer simulations, scientific experiments, expert testimony, and courtroom demonstrations are

28   best resolved by pre-trial motions in limine, since the admissibility of such evidence may impact

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

trial strategy.  *See* Admin. Motion, ECF No. 77 at 3–4.  Further, Plaintiffs argue that a pre-trial motion is a proper remedy for spoliation of evidence.  *See id.* at 4.  Plaintiffs argue that permitting them to file more motions in limine will "enhance efficiency of the trial process" by "minimiz[ing] conferences and disruptions during trial."  *Id.* at 2.

The Court finds that Plaintiffs have failed to show good cause for filing more than the five motions in limine permitted by the Court's Civil Standing Order.  Any spoliation issues should be (or already should have been) raised with Judge Cousins—not in pre-trial evidentiary motions.  Further, hearsay issues are better raised during trial rather than in pre-trial motions, so that the Court can properly assess the questions posed and evidentiary purpose for eliciting the statements.  The Court is confident that Plaintiffs can fit the remaining issues—pertaining to expert testimony, demonstrative evidence, "day-in-the-life" videos, and other matters—into the five motions in limine permitted under the Court's Civil Standing Order, or else the Court can deal with them as they come up during trial.

Accordingly, the Court hereby DENIES Plaintiffs' administrative motion.  Plaintiffs SHALL be limited to five pretrial motions in limine of five pages each.  Further, the Court DIRECTS the parties to limit each pretrial motion in limine to a single issue.  Any motion in limine directed to multiple issues will be stricken.

**IT IS SO ORDERED.**

Dated:  July 12, 2022

_____
BETH LABSON FREEMAN
United States District Judge