1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

JESSICA DOMINGUEZ, et al.,

   Plaintiffs,

  v.

CITY OF SAN JOSE, et al.,

   Defendants.

Case No.  18-cv-04826-BLF

**ORDER ON MOTIONS IN LIMINE**

[Re:  ECF Nos. 79–87]

This is a civil rights action under Section 1983 and the Bane Act, California Civil Code § 52.1, brought by Plaintiff Jessica Dominguez against the City of San Jose, the San Jose Police Department, and San Jose Police Officer Michael Pina (collectively, "Defendants") for the fatal police shooting of Ms. Dominguez's deceased husband Jacob Arturo Dominguez.  Ms. Dominguez brings her action individually and as guardian ad litem for Mr. Dominguez's and her three children (collectively, "Plaintiffs").   The Court held the Final Pretrial Conference in this case on July 28, 2022, during which the Court issued oral rulings on the parties' motions *in limine*.  *See* Motions, ECF Nos. 79–87.  The Court's rulings on the parties' motions *in limine* are summarized as follows.

I.   **PLAINTIFFS' MOTIONS *IN LIMINE***

  A.   **Plaintiffs' Motion *in Limine* No. 1 to Exclude Expert Testimony of Dr. Daniel L. Sudakin Regarding Post-Mortem Drug Testing and Any Testimony that Drug Use Contributed to Mr. Dominguez's Death**

In their first motion *in limine*, Plaintiffs ask the Court to exclude testimony by Dr. Daniel L. Sudakin.  *See* Plaintiffs' MIL No. 1, ECF No. 79.  Defendants seek to call Dr. Sudakin as a toxicology expert to opine on the drugs found in Mr. Dominguez's system via a postmortem blood draw by the Santa Clara toxicology lab and the impact the drugs may have had on

Mr. Dominguez's behavior prior to the shooting. *See id.* Plaintiffs first argue that Dr. Sudakin's opinion fails to meet the reliability requirement of Federal Rule of Evidence 702 under *Daubert[1]* because the toxicology testing he relies on cannot be duplicated, since Dr. Sudakin lacks crucial information about the testing—including who performed it, when it was performed, and how. *See id.* at 2–4. Second, Plaintiffs argue that Dr. Sudakin's opinion is irrelevant, because no evidence indicates that officers were aware of Mr. Dominguez's drug use at the time he was killed. *See id.* at 4–5. In addition to Dr. Sudakin's testimony, Plaintiffs seek to exclude *any* testimony that Mr. Dominguez's drug use contributed to his death, since the only thing that killed Mr. Dominguez was his shooting by Officer Pina. *See id.* at 5. In response, Defendants argue that Dr. Sudakin's opinion is relevant under *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938 (9th Cir. 2009). *See* Opposition to Plaintiffs' MIL No. 1, ECF No. 91 at 2. Further, Defendants argue that Dr. Sudakin "reasonably relied" on toxicology results reported by the medical examiner under Federal Rule of Evidence 703, and that Plaintiffs fail to argue why those results are potentially unreliable. *See id.* at 3–4. Additionally, Defendants argue that not every *Daubert* factor (*e.g.*, duplication of test results) needs to be satisfied in every case. *See id.* at 3–4.

The Court agrees with Defendants as to Dr. Sudakin's testimony. Plaintiffs have failed to show that Dr. Sudakin's reliance on post-mortem toxicology results renders his testimony unreliable, particularly given that such results are often relied on in similar cases. *See, e.g.*, *Estate of Casillas v. City of Fresno*, No. 1:16-CV-1042 AWI-SAB, 2019 WL 586747, at **3–4 (E.D. Cal. Feb. 13, 2019). Further, Plaintiffs' relevance objection is unavailing. Mr. Domginuez's conduct prior to the shooting is in dispute. *See* Order on Summary Judgment Motions, ECF No. 70 at 11–12. Dr. Sudakin's testimony regarding Mr. Dominguez's post-mortem toxicology results and the behavioral impact of narcotic use is properly offered to corroborate the officers' testimony about the movements made by Mr. Dominguez before he was shot. Accordingly, the probative value of Dr. Sudakin's testimony is significant regardless of whether Defendants knew that Mr. Dominguez had used drugs prior to the shooting. *See Boyd*, 576 F.3d at 944. While the Court recognizes that

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

United States District Court
Northern District of California

United States District Court
Northern District of California

evidence of Mr. Dominguez's drug use is prejudicial, the Court finds that the probative value of the evidence outweighs the prejudicial effect.  *See* Fed. R. Evid. 403.  Further, the Court finds that any prejudicial impact could be attenuated through limiting instructions.   Accordingly, the Court DENIES Plaintiffs' request for a *Daubert* hearing and DENIES Plaintiffs' motion to exclude Dr. Sudakin's testimony.  *See, e.g.*, *United States v. Alatorre*, 222 F.3d 1098, 1105 (9th Cir. 2000) (determination of whether to hold a *Daubert* hearing is "a judgment call best left to the discretion of the trial court").

As to Plaintiffs' request to exclude evidence that drug use led to Mr. Dominguez's death, Defendants do not appear to oppose this request.  Defendants also indicated at the July 28, 2022 hearing that they do not intend to present any such evidence.  The Court GRANTS Plaintiffs' request as to such evidence.

### B. Plaintiffs' Motion *in Limine* No. 2 to Exclude Evidence of Mr. Dominguez's Prior Criminal Conduct

In their second motion *in limine*, Plaintiffs seek to exclude evidence of Mr. Dominguez's past arrests, charges, convictions, gang affiliations, and periods of incarceration.  *See* Plaintiffs' MIL No. 2, ECF No. 80.  First, Plaintiffs argue that such evidence should be excluded under Federal Rules of Evidence 401, 402, and 403, since such evidence does not tend to prove or disprove the reasonableness of Officer Pina's actions.  *See id.* at 2–4.  Second, Plaintiffs argue that evidence of Mr. Dominguez's past criminal conduct cannot be used as character evidence under Federal Rule of Evidence 404, since such evidence could cause the jury to improperly infer Mr. Dominguez was acting in accordance with his "criminal past" at the time of the shooting.  *See id.* at 3.  Third, Plaintiffs argue that any attempt to introduce evidence of Mr. Dominguez's prior criminal conduct through Defendant officer testimony would be hearsay, because Defendants have testified that they do not have first-hand knowledge of Mr. Dominguez's past conduct.  *See id.* at 4.  In response, Defendants argue that officers should be allowed to testify as to information about Mr. Dominguez's criminal history of which they were aware when they apprehended Mr. Dominguez, since such information pertains to the reasonableness of the officers' actions.  *See* Opposition to Plaintiffs' MIL No. 2, ECF No. 92 at 3–4.

The Court agrees with Defendants.  To the extent Officer Pina knew about Mr. Dominguez's prior criminal history, that criminal history is relevant as part of the totality of the circumstances for determining the reasonableness of Officer Pina's use of force.  *See Hermosillo v. Cty. of San Bernardino*, No. EDCV 15–00033–DTB, 2017 WL 5479645, at *2 (C.D. Cal. Feb. 16, 2017) ("[E]vidence regarding [plaintiff's] criminal history, gang membership, drug use, and tattoos known to the defendant deputies at the time of the incident is relevant to determining whether defendants' actions were reasonable.").  While Mr. Dominguez's criminal history has some prejudicial effect, the Court finds that the probative value outweighs any prejudicial effect because the evidence is a component of what Officer Pina knew prior to the shooting.  *See* Fed. R. Evid. 403.  Further, any prejudice can be attenuated with limiting instructions.  The Court disagrees with Plaintiffs that Mr. Dominguez's criminal history is hearsay, since it is being offered to show what Officer Pina knew—not for the truth of the matter asserted.  *See* Fed. R. Evid. 801(c)(2).  Further, Defendants indicate in their opposition that Mr. Dominguez's criminal history is being offered to show Officer Pina's knowledge at the time of the shooting—not as improper character evidence.  *See* Opposition to Plaintiffs' MIL No. 2, ECF No. 92 at 3–5.

Accordingly, the Court hereby DENIES Plaintiffs' second motion *in limine*.

### C.   Plaintiffs' Motion *in Limine* No. 3 to Exclude Evidence Related to Information Obtained from Informant

In their third motion *in limine*, Plaintiffs move to exclude evidence related to three pieces of information allegedly obtained by Defendants from an informant:  (1) that Mr. Dominguez stated he was not willing to go back to jail; (2) that Mr. Dominguez was armed prior to his killing; and (3) that Sheila Franco was Mr. Dominguez's girlfriend.  *See* Plaintiffs' MIL No. 3, ECF No. 81. Plaintiffs argue that this information is inadmissible hearsay, since Defendants did not obtain direct knowledge of this information and have not adequately notified Plaintiffs of the identity of any confidential informants under Federal Rules of Evidence 803(24), 804(b)(5), or 807.  *See id.* at 2–4. Further, Plaintiffs argue that this information is improper opinion testimony under Federal Rule of Evidence 701, since Defendants did not have personal knowledge of the information at issue and so it was not "rationally based on [their] perception."  *See id.* at 3–4 (citing Fed. R. Evid. 701).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Plaintiffs additionally argue evidence related to the information at issue should be excluded under

2    Federal Rule of Evidence 403, since it is unsupported by direct evidence and it is prejudicial.  *See*

3    *id.* at 5.  In response, Defendants argue that the information at issue is not hearsay or opinion

4    testimony, and it is relevant, because it shows what Defendants knew at the time Mr. Dominguez

5    was shot.  *See* Opposition to Plaintiffs' MIL No. 3, ECF No. 93 at 2–3.

6           As to the evidence that (1) Mr. Dominguez stated he was not willing to go back to jail and

7    (2) Mr. Dominguez was armed prior to his killing, the Court agrees with Defendants.  To the extent

8    this evidence is offered to show what Officer Pina knew prior to the shooting, it is not hearsay,

9    because it is not being offered for the truth of the matter asserted.  *See* Fed. R. Evid. 801(c)(2).

10   Further, the Court disagrees with Plaintiffs that this evidence is improper opinion testimony under

11   Rule 701.

12          As to Plaintiffs' argument that the evidence is overly prejudicial, the court concludes that

13   the evidence regarding Mr. Dominguez's unwillingness to return to jail and that he was armed are

14   highly probative of the circumstances and information Defendants knew in advance of the shooting.

15   As such, the probative value outweighs the prejudicial effect which can be mitigated by a limiting

16   instruction clearly informing the jury that the evidence is offered for a limited purpose.  *See* Fed. R.

17   Evid. Rule 403.  Accordingly, Plaintiffs' motion to exclude the evidence that (1) Mr. Dominguez

18   said he was not willing to go back to jail and (2) Mr. Dominguez was armed prior to his killing is

19   hereby DENIED.

20          As to the evidence that Ms. Franco was Mr. Dominguez's girlfriend, the Court agrees with

21   Plaintiffs.  In a survival action brought by decedent's wife and children, the prejudicial weight of

22   the information that Mr. Dominguez had a girlfriend is particularly high.  Further, the Court

23   questions the relevance of the information that Mr. Dominguez had a girlfriend to Officer Pina's

24   use of force.  At the July 28, 2022 hearing, Defendants argued that since Mr. Dominguez was located

25   through Ms. Franco, the fact that Ms. Franco was his girlfriend helps corroborate the reliability of

26   information that the informant provided to Defendants.  To the extent the reliability of that minor

27   point is relevant at all, it is insubstantial compared to the inflammatory nature of characterization of

28   Ms. Franco as a girlfriend—especially where offered through hearsay statements.  If Defendants

United States District Court
Northern District of California

1    wish, they may refer to Ms. Franco as a  "known close friend" or "known close associate" of Mr.

2    Dominguez.  Accordingly, to the extent the information that Ms. Franco was Mr. Dominguez's

3    girlfriend is being offered to show what officers knew before Mr. Dominguez's shooting, the Court

4    hereby GRANTS Plaintiffs' motion *in limine*.

5         At the July 28, 2022 hearing, Defendants argued that evidence that Ms. Franco was Mr.

6    Dominguez's girlfriend could be relevant for damages purposes if Plaintiffs are allowed to pursue

7    loss of companionship damages.  The Court agrees and would allow Defendants to offer admissible

8    evidence relative to damages.  Thus, the Court hereby DEFERS on this question until trial.

9         **D.    Plaintiffs' Motion *in Limine* No. 4 to Exclude Testimony of Sergeant Alvaro Lopez**

10        In their fourth motion *in limine*, Plaintiffs move to exclude testimony of Sergeant Alvaro

11   Lopez that he would have shot Mr. Dominguez if he had not been attempting to set off a flash-bang

12   grenade at the time Officer Pina shot Mr. Dominguez.  *See* Plaintiffs' MIL No. 4, ECF No. 82.

13   Plaintiffs argue that Sergeant Lopez's testimony should be excluded under Federal Rule of

14   Evidence 403, because such testimony is irrelevant and prejudicial.  *See id.* at 3–4.  Plaintiffs argue

15   Sergeant Lopez's "subsequently delivered" opinion is irrelevant because it was not part of the

16   totality of the circumstances facing Officer Pina at the time of the shooting.  *See id.* at 3.  Plaintiffs

17   argue Sergeant Lopez's testimony is prejudicial, because the officer's subjective belief would

18   confuse the jury in determining the objective reasonableness of Officer Pina's actions.  *See id.* at 4.

19   In response, Defendants argue that Sergeant Lopez's testimony is relevant, because it corroborates

20   Officer Pina's perception that Mr. Dominguez posed a threat and makes it more likely that a

21   reasonable officer would have reached the same conclusion.   *See* Opposition to Plaintiffs'

22   MIL No. 4, ECF No. 94 at 2–3.

23        The Court agrees with Defendants in part.  To the extent Sergeant Lopez's testimony is

24   offered to explain why he did not shoot Mr. Dominguez, it has substantial probative value, since

25   jurors will likely wonder why Sergeant Lopez did not shoot Mr. Dominguez if Sergeant Lopez was

26   present at the scene and made the same observations of Mr. Dominguez.  The Court finds that the

27   probative value of Sergeant Lopez's testimony as to why he did not shoot outweighs any prejudicial

28   effect.  *See* Fed. R. Evid. 403.  The Court sees little chance of jury confusion on this issue.

1    However, to the extent Sergeant Lopez's testimony is offered to explain what he would have

2    done if he were not setting off a flash-bang grenade, the Court finds that such testimony should be

3    excluded.  There is a substantial risk with such testimony that Sergeant Lopez formed such an

4    opinion after the events surrounding the shooting and has improperly imposed that opinion on those

5    events in hindsight.  Accordingly, the Court finds that such hindsight opinion has little probative

6    value and does not outweigh the prejudice or confusion under Rule 403.

7    Accordingly, the Court hereby DENIES Plaintiffs' fourth motion *in limine* to the extent

8    Sergeant Lopez's testimony is offered to explain why he did not shoot Mr. Dominguez—*i.e.*,

9    because he was setting off a flash-bang grenade.  The Court GRANTS Plaintiffs' fourth motion *in*

10   *limine* to the extent Sergeant Lopez's testimony is offered to explain what he would have done if he

11   had *not* been setting off a flash-bang grenade.

## II.    DEFENDANTS' MOTIONS *IN LIMINE*

### A.    Defendants' Motion *in Limine* No. 1 to Exclude Expert Testimony of Scott DeFoe

14   In their first motion *in limine*, Defendants request that the Court exclude testimony of

15   Plaintiffs' police practices expert Scott DeFoe on any of the eight opinions disclosed in his expert

16   report.  *See* Defendants' MIL No. 1, ECF No. 83.  First, Defendants argue that Mr. DeFoe's first,

17   second, third, and eighth opinions—that Officer Pina was unreasonable for not having moved to a

18   position of cover prior to the confrontation that ended with the shooting of Mr. Dominguez—are

19   irrelevant.  *See id.* at 1–3.  Defendants argue that the Fourth Amendment inquiry focuses on conduct

20   at the time of the shooting—not the negligence of an officer's tactics leading up to the shooting.

21   *See id.* at 2–3 (citing, *e.g.*, *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); *Tabares v.*

22   *City of Huntington Beach*, 988 F.3d 1119 (9th Cir. 2021)).  Second, Defendants argue that Mr.

23   Defoe's fifth, sixth, and seventh opinions—that Officer Pina's use of lethal force was

24   unreasonable—speak to a legal conclusion inappropriate for expert testimony.  *See id.* at 3–4.  Third,

25   Defendants argue that Mr. Defoe's remaining (fourth) opinion—that a reasonable officer would

26   have given a verbal warning to Mr. Dominguez—is unhelpful and redundant, since the evidence

27   indicates Officer Pina *did* give a warning to Mr. Dominguez and the jury will be specifically

28   instructed to consider whether a warning was given.  *See id.* at 5.

United States District Court
Northern District of California

7

United States District Court
Northern District of California

In response, Plaintiffs argue that the "tactics" opinions (first, second, third, and eighth) Mr. DeFoe advances are properly part of a "totality of the circumstances" analysis that can be presented to the jury related to the Fourth Amendment reasonableness analysis. *See* Opposition to Defendants' MIL No. 1, ECF No. 108 at 2–3. Further, Plaintiffs argue that Mr. DeFoe's fifth, sixth, and seventh opinions are not improper legal conclusions, but opinions based on "precedential case law, . . . the relevant testimony, and a litany of facts." *See id.* at 3. And Plaintiffs argue that Mr. DeFoe may properly refer to the law in expressing an opinion, and he is allowed to opine that force would be reasonable or unreasonable in hypothetical circumstances. *See id.* at 4. Additionally, Plaintiffs argue that Mr. DeFoe's fourth opinion—regarding warnings—is relevant because Plaintiffs dispute the adequacy of any warnings provided by Officer Pina. *See id.* at 5.

As to Mr. DeFoe's first, second, third, and eighth opinions, the Court agrees with Plaintiffs. While evidence of bad tactics leading up to a use of force may not be *sufficient* on its own to show a Fourth Amendment violation, such evidence is *relevant* to the Fourth Amendment analysis as part of the totality of the circumstances. *See Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005); *Billington*, 292 F.3d at 1190 ("Our precedents do not forbid any consideration of events leading up to a shooting."); *see also George v. Morris*, 736 F.3d 829, 839 n.14 (9th Cir. 2013); *Vos v. City of Newport Beach*, 892 F.3d 1024, 1034 (9th Cir. 2018) ("[T]he events leading up to the shooting, including the officers['] tactics, are encompassed in the facts and circumstances for the reasonableness analysis[.]"). Accordingly, the Court declines to exclude Mr. DeFoe's testimony on these opinions. However, the Court notes that the phrasing of Mr. DeFoe's third opinion as it appears in his report is objectionably speculative. Further, the Court notes that evidence of mere negligence would not be admissible. The phrasing of the questions posed to Mr. DeFoe will be critical to the Court's ultimate determination of the scope of testimony allowed. The Court DEFERS on ruling on the admissibility of testimony related to Mr. DeFoe's third opinion until trial, once it is clear how such testimony will be presented.

As to Mr. DeFoe's fifth, sixth, and seventh opinions, the Court again DEFERS on ruling on the admissibility of Mr. DeFoe's testimony related to these opinions until it is clear how such testimony is to be presented at trial. As stated in Mr. DeFoe's report, those opinions would be

1

2

improper.  The Court anticipates that counsel will have no difficulty properly phrasing the questions to steer the witness away from impermissible legal conclusions.

3

4

5

6

As to Mr. DeFoe's fourth opinion, the Court agrees with Plaintiffs.  Testimony regarding Mr. DeFoe's fourth opinion—that a reasonable officer would have given a warning to Mr. Dominguez—is relevant, since there is contradictory evidence whether Officer Pina provided adequate warnings.  *See* Opposition to Defendants' MIL No. 1, ECF No. 108 at 5.

7

Accordingly, the Court DENIES Defendants' first motion *in limine*.

8

9

**B.    Defendants' Motion *in Limine* No. 2 to Exclude Evidence Related to Wrongful Death Damages**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

In their second motion *in limine*, Defendants seek to exclude evidence relevant only to a wrongful death claim, since Defendants assert that Plaintiffs' claims can only be brought as survival claims of Mr. Dominguez—not for wrongful death on behalf of Ms. Dominguez and her children. *See* Defendants' MIL No. 2, ECF No. 84.  First, Defendants seek to exclude any reference to Mr. and Ms. Dominguez's children as plaintiffs in the case, since Mr. Dominguez's survival claims passed entirely to Ms. Dominguez as Mr. Dominguez's successor in interest, so the children are not proper plaintiffs.  *See id.* at 1–2 (citing Cal. C. Civ. Proc. §§ 377.10, 377.11, 377.20, 377.30). Second, Defendants seek to exclude any evidence of Mr. Dominguez's family's loss or damage resulting from his death, including for Mr. Dominguez's love and companionship, because those are losses that the family members can pursue only on their own behalf—not through Mr. Dominguez's survival claims, and not as derivative claims from the Fourth Amendment excessive force claim. *See id.* at 2–4.  Third, Defendants seek to exclude the testimony of Plaintiffs' proffered economic expert Philip Allman, because his damages opinion is based on Mr. Dominguez's wages and the estimated value of his lifetime services—neither of which is available for survival claims.  *See id.* at 3–4.

24

25

26

27

28

In response, Plaintiffs argue that courts have allowed wrongful death claims under Section 1983.  *See* Opposition to Defendants' MIL No. 2, ECF No. 110 at 3 (citing *Arce v. Blackwell*, 294 Fed.Appx. 259 (9th Cir. 2008); *Estate of Manzo v. Cty. of San Diego*, No. 06CV0060 BTM (WMC), 2008 WL 4093818, at **1–3 (S.D. Cal. Sep. 3, 2008)).  Further,

United States District Court
Northern District of California

Plaintiffs argue that they can bring a wrongful death claim under the Bane Act, arguing that the case Defendants cite—*Bay Area Rapid Transit Dist. v. Sup. Ct.*, 38 Cal.App.4th 141 (1995)—was rendered inapplicable by a 2000 amendment to the Bane Act that clarified a Bane Act claim is not merely a "personal action." *See id.* at 5.  Additionally, while Plaintiffs concede that the California survivor statute bars recovery for pain and suffering, Plaintiffs argue that strict application of that recovery bar is inconsistent with the primary purposes of Section 1983—to compensate victims and deter future constitutional violations.  *See id.* at 3–4.  Accordingly, Plaintiffs argue that the Court should allow them to seek pain and suffering damages despite the bar in the California survivor statute.  *See id.*  Plaintiffs also argue that Defendants' request to exclude testimony of Mr. Allman is too broad.  *See id.* at 5.

The Court agrees with Defendants.  Ms. Dominguez and her children cannot bring a wrongful death claim under the Bane Act, since the Act is clear that a claim must be brought on behalf of the person harmed.  *See Bay Area Rapid Transit*, 38 Cal.App.4th at 144 ("[T]he Bane Act is simply not a wrongful death provision.  It clearly provides for a *personal* cause of action for the victim of a hate crime.") (emphasis in original).  Plaintiffs cite no cases to the contrary.  And Plaintiffs' argument regarding the effect of the 2000 amendment to the Bane Act is simply wrong.  That amendment broadened the types of claims that could be filed, not the persons who could make the claims.  The plain meaning of California Civil Code § 52.1(b) specifies that the "individual whose exercise or enjoyment of rights . . . has been interfered with . . . may institute and prosecute in his or her own name[.]"  And such limitation has been enforced more recently in *Bresaz v. County of Santa Clara*, 136 F.Supp.3d 1125, 1137–38 (N.D. Cal. 2015), following *Bay Area Rapid Transit*.

In regard to Defendants' motion to terminate the claims of Ms. Dominguez and her three children, the Court first observes that this motion is an untimely dispositive motion that violates this Court's Rule 16 scheduling order.  *See* ECF No. 24 at 2 (setting Last Day to Hear Dispositive Motions for April 21, 2022); *see also In re USA Commercial Mortg. Co.*, No. 2:07–cv–00892–RCJ–GWF, 2010 WL 4923481 (D. Nev. Nov. 29, 2010) (denying motion *in limine* to exclude vicariously asserted claims because it "is not a motion in limine, but a disguised dispositive motion," which is "untimely"); *Venture Corp. Ltd. v. Barrett*, No. 5:13–cv–03384–PSG,

2015 WL 2088999 (N.D. Cal. May 5, 2015) (denying motions *in limine* as "untimely dispositive motions"); *Medtronic Vascular v. Abbott Cardiovascular Sys., Inc.*, No. C 06–1066 PJH, 2009 WL 2171058, at *1 (N.D. Cal. July 17, 2009) ("wholly improper" to use motion *in limine* "to argue for the very first time substantive arguments that should have been raised on . . . summary judgment"). That said, the Court will evaluate Defendants' motion on substantive grounds.

Case law seems clear that Ms. Dominguez and her children cannot seek wrongful death damages under their Section 1983 claim as pled. The operative complaint specifies that the Section 1983 claim is based on the Fourth Amendment—Mr. Dominguez's excessive force claim. *See* Second Amended Complaint, ECF No. 37 ¶ 20. Fourth Amendment rights "are personal rights which . . . may not be vicariously asserted." *United States v. Struckman*, 603 F.3d 731, 746 (9th Cir. 2010) (citations omitted); *J.K.J. v. City of San Diego*, No. 19–CV–2123–CAB–RBB, 2020 WL 738178, at *4 (S.D. Cal. Feb. 13, 2020) ("[C]onstitutional rights cannot be vicariously asserted."). If Ms. Dominguez and her children sought to bring a wrongful death claim for loss of companionship, they should have asserted a Section 1983 claim under the Fourteenth Amendment in their individual capacities. However, Ms. Dominguez and her children have not separately pled that claim in the precise language of a Fourteenth Amendment claim for loss of familial relationship. This defect in the pleading, however, appears to be technical only and not substantive.

The Court gleans from the operative complaint that Plaintiffs have all along believed that they had properly pled this claim as set forth in paragraph 21 in Plaintiffs' Second Amended Complaint: "As the direct and proximate result of the conduct of the Defendants, Plaintiffs have been deprived of the decedent's care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support." Second Amended Complaint, ECF No. 37 ¶ 21. Essentially the only thing keeping this paragraph from adequately pleading a Fourteenth Amendment claim is a lack of the magic words "14th Amendment violation." Accordingly, the Court will allow Plaintiffs the opportunity to seek leave to amend the Second Amended Complaint to add a Fourteenth Amendment violation. The Court DEFERS in ruling on Defendants second motion *in limine* until the pleading amendment issue is resolved.

United States District Court
Northern District of California

Further, the parties raise the issue of whether Plaintiffs can recover pain and suffering damages through the Bane Act and Section 1983 (Fourth Amendment) claims they are currently asserting as survival claims on behalf of Mr. Dominguez.  Generally, plaintiffs asserting survival claims under California law cannot seek damages for "pain, suffering, or disfigurement."  *See* Cal. C. Civ. P. 377.34(a).  Accordingly, pain and suffering damages are not available under Plaintiffs' Bane Act claim.  However, the Court finds that state law preclusion of pain and suffering damages for Plaintiffs' Section 1983 survival claim would be incompatible with the purposes of Section 1983.  *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) ("California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy. Section 377.34 therefore does not apply to § 1983 claims where the decedent's death was caused by the violation of federal law."); *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1003 (9th Cir. 2021) ("Prohibiting loss of life damages would run afoul of § 1983's remedial purpose as much as (or even more than) the ban on pre-death pain and suffering damages.").  Accordingly, the Court finds that Plaintiffs can seek pain and suffering and loss of life damages under their Section 1983 survival claim under the Fourth Amendment asserted on behalf of Mr. Dominguez.

As to the claims on behalf of Ms. Dominguez and the children, Plaintiffs may submit a motion of no more than five pages seeking leave to amend the Second Amended Complaint attaching the proposed amendment **on or before August 1, 2022**.  Defendants may submit an opposition of no more than five pages **on or before August 5, 2022**.  No reply will be allowed.

**C.   Defendants' Motion *in Limine* No. 3 to Allow Evidence of Mr. Dominguez's Drug Use**

In their third motion *in limine*, Defendants request an order allowing evidence to be presented at trial that Mr. Dominguez was under the influence of methamphetamine and PCP at the time he was shot.  *See* Defendants' MIL No. 3, ECF No. 85.  Defendants argue that this evidence is relevant because it corroborates and helps explain officers' account of Mr. Dominguez's erratic behavior prior to the shooting—initially complying with officers' commands before abruptly dropping his hands and leaning forward in his car.  *See id.* at 1–2.  Defendants argue that the

evidence of Mr. Dominguez being under the influence of drugs is relevant even if officers were not aware of that fact at the time of the shooting.  *See id.* at 2–3.  In response, Plaintiffs disagree, arguing that Mr. Dominguez's alleged drug use was not known to officers at the time of the shooting and therefore irrelevant.  *See* Opposition to Defendants' MIL No. 3, ECF No. 97 at 2–3.  Further, Plaintiffs argue that such evidence is prejudicial character evidence that will improperly inflame the jury into inferring that Mr. Dominguez was acting in line with a "criminal" propensity at the time he was shot.  *See id.* at 3–6.

The Court agrees with Defendants.  As outlined above in its analysis regarding Plaintiffs' first motion *in limine*, the Court finds that evidence of Mr. Dominguez's drug use is relevant even if it was not known to officers at the time of the shooting, since it may make Defendants' account of Mr. Dominguez's conduct more plausible.  *See Boyd*, 576 F.3d at 944 ("[P]olice assertions that [decedent] was acting erratically . . . is made more probable by . . . evidence that he was on drugs at the time.").  While such evidence may prejudice the jury somewhat against Mr. Dominguez, the probative value outweighs any prejudice.  A limiting instruction will also mitigate any prejudice.

Accordingly, the Court hereby GRANTS Defendants' third motion *in limine*.

### D.   Defendants' Motion *in Limine* No. 4 to Exclude Reference to Other Incidents Involving Officer Pina or Other Testifying Officers

In their fourth motion *in limine*, Defendants request that the Court order Plaintiffs to make no reference at trial to other incidents involving Officer Pina or other testifying officers.  *See* Defendants' MIL No. 4, ECF No. 86.  Specifically, Defendants seek an order preventing Plaintiffs from raising an incident in which several officers used force to apprehend two individuals at a hotel, which led to a lawsuit against Officer Pina.  *See id.* at 1.  Defendants argue that the hotel incident has no factual or legal connection to this case, since the facts bear no resemblance.  *See id.*  Further, Defendants argue any reference to the hotel incident will prejudice the jury by allowing Plaintiffs to characterize Officer Pina as a bad actor, requiring Defendants to dedicate significant time to explaining away the incident.  *See id.*  Accordingly, Defendants seek an order under Federal Rules of Evidence 402 and 403 preventing Plaintiffs from referring to the hotel incident or generally referencing other irrelevant incidents involving Officer Pina or any other testifying officer.  *See id.*

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In response, Plaintiffs argue that courts regularly allow "other acts" evidence of rights violations by police officers in civil rights cases. *See* Opposition to Defendants' MIL No. 4, ECF No. 98 at 2–5. Additionally, Plaintiffs argue that when a municipality is named in a Section 1983 suit, "other acts" evidence may be admitted to show that the alleged violation is a custom or policy of the municipality. *See id.* at 5–6.

The Court agrees with Defendants. Plaintiffs cannot point to any prior incidents involving Officer Pina or other testifying officers regarding which they seek to introduce evidence—let alone details about those incidents indicating their similarity or relevance to the present case. When questioned about this lack of detail at the July 28, 2022 hearing, Plaintiffs indicated that they are not intending to offer any evidence regarding such prior incidents. Further, Plaintiffs' *Monell*[2] claim has been dismissed, so Plaintiffs' point about custom or policy evidence is moot. *See* Order on Summary Judgment Motions, ECF No. 70 at 12–15.

Accordingly, the Court hereby GRANTS Defendants' fourth motion *in limine*.

**E.     Defendants' Motion *in Limine* No. 5 to Exclude Evidence of or Reference to Post-Shooting Use of Police Dog**

In their fifth motion *in limine*, Defendants seek an order excluding evidence of or reference to the fact that several minutes after Officer Pina's shooting of Mr. Dominguez, a police dog was deployed to determine if Mr. Dominguez still represented a threat. *See* Defendants' MIL No. 5, ECF No. 87. The police dog bit Mr. Dominguez on the neck, leaving a mark visible in photographs and revealing that Mr. Dominguez was no longer responsive. *See id.* at 1–2. Defendants argue that the use of the police dog is irrelevant to Plaintiffs' claims, since the dog was deployed after Officer Pina's use of force. *See id.* at 1. Further, Defendants argue that evidence of the police dog is prejudicial, since some jurors could be upset at the thought of a police dog biting Mr. Dominguez after his death. *See id.* Accordingly, Defendants argue that evidence of or reference to the use of the dog should be excluded under Federal Rules of Evidence 402 and 403. *See id.* In response, Plaintiffs argue that the police dog's deployment is relevant because it helps explain to the jury the disturbance to the evidence inside the car caused by the dog—namely, the bites to Mr. Dominguez's

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

neck and resulting loss of blood and tissue.  *See* Opposition to Defendants' MIL No. 5, ECF No. 99 at 1–2.  Further, Plaintiffs argue that the police dog's deployment is relevant to damages, because the evidence at trial may show that Mr. Dominguez was still alive at the time of the dog's deployment.  *See id.*  Plaintiffs argue that any prejudice from the police dog's deployment is minimal, because the release of a police dog is accepted police practice and custom.  *See id.* at 3.

The Court finds that the evidence of the police dog biting Mr. Dominguez may have probative value, since it is relevant to describing the scene following the shooting and the potential loss or modification of evidence caused by the dog.  Since the relevance of this evidence will be highly dependent on the purpose for which it is introduced, the Court DEFERS in ruling on the admissibility of this evidence until trial.  However, the Court notes that gruesome details of the scene are likely to be highly prejudicial to the jury.  Plaintiffs noted during the July 28, 2022 hearing that this case involved an unusually large number of photographs of the scene.  Accordingly, the Court LIMITS the presentation of evidence of the condition of Mr. Dominguez's body following the shooting.  Should Plaintiffs choose to present such photographs, they SHALL be limited to presenting approximately two photographs.

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiffs' first motion *in limine* is DENIED as to Dr. Sudakin's testimony and GRANTED as to any testimony that drug use caused Mr. Dominguez's death;

2.      Plaintiffs' request for a *Daubert* hearing is DENIED;

3.      Plaintiffs' second motion *in limine* is DENIED;

4.      Plaintiffs' third motion *in limine* is DENIED as to the information that (1) Mr. Dominguez stated he was not willing to go back to jail and (2) Mr. Dominguez was armed prior to his killing, and GRANTED as to the information that Ms. Franco was Mr. Dominguez's girlfriend to the extent this information is offered to show officers' knowledge before the shooting of Mr. Dominguez;

5.       Plaintiffs' fourth motion *in limine* is DENIED to the extent Sergeant Lopez's

United States District Court
Northern District of California

testimony is offered to explain why he did not shoot Mr. Dominguez and GRANTED to the extent Sergeant Lopez's testimony is offered to explain what he *would have done* had he not been setting off a flash-bang grenade at the time Mr. Dominguez was shot;

6.      Defendants' first motion *in limine* is DENIED;

7.      the Court DEFERS ruling on Defendants' second motion *in limine* until it has ruled on whether Plaintiffs' have leave to amend their Second Amended Complaint to include a Fourteenth Amendment claim on behalf of Ms. Dominguez and her children;

8.      Plaintiffs may file a five-page motion for leave to file an amended complaint **by August 1, 2022**; Defendants may file a five-page response **by August 5, 2022**; and no reply SHALL be allowed;

9.      the Court GRANTS Defendants' third motion *in limine*;

10.     the Court GRANTS Defendants' fourth motion *in limine*; and

11.     the Court DEFERS ruling on Defendants' fifth motion *in limine* until trial and LIMITS the presentation of photographs and other evidence of the scene of Mr. Dominguez's shooting at trial.


Dated:  August 2, 2022

_____
BETH LABSON FREEMAN
United States District Judge