UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DOMINGUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 18-cv-04826-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO PERMIT FILING OF THIRD AMENDED COMPLAINT**<br><br>[Re: ECF No. 115] |

Before the Court is Plaintiffs' motion to amend the scheduling order to permit Plaintiffs to file a Third Amended Complaint in this civil rights action related to the alleged lethal shooting of Jacob Arturo Dominguez by San Jose Police Department officer Michael Pina. *See* ECF No. 115. This action is brought by Mr. Dominguez's wife, Plaintiff Jessica Dominguez, as Mr. Dominguez's successor-in-interest and on her own behalf and as guardian *ad litem* for Mr. and Ms. Dominguez's three children (collectively, "Plaintiffs"). The question before the Court is whether to permit Plaintiffs to amend their Second Amended Complaint to assert a Fourteenth Amendment claim for their damages caused by the loss of Mr. Dominguez's life. The Second Amended Complaint only asserts claims vicariously on Mr. Dominguez's behalf based on the alleged excessive force that led to his death. Accordingly, if Plaintiffs are not allowed to amend their complaint, the Court has determined that Plaintiffs cannot seek wrongful death damages for the loss of Mr. Dominguez's life, including loss of companionship and financial support. *See* Order on Motions *in Limine*, ECF No. 118 at 9–12. The last day to amend the pleadings was over three years ago, and the case is now within weeks of trial. *See* ECF No. 24.

Based on the below reasoning, the Court GRANTS Plaintiffs' motion.

## I. BACKGROUND

On November 8, 2018, the Court set the last day to amend the pleadings for January 7, 2019. *See* ECF No. 24. Following multiple stipulated extensions of the last day for Plaintiffs to file an amended complaint, Plaintiffs filed their Second Amended Complaint on April 12, 2019. *See* Second Amended Complaint ("SAC"), ECF No. 37. Plaintiffs asserted three claims against Officer Pina, the City of San Jose, and the San Jose Police Department: (1) a Section 1983 claim based on alleged violation of Mr. Dominguez's Fourth Amendment rights; (2) a claim under the Bane Act, California Civil Code § 52.1, based on excessive force against Mr. Dominguez; and (3) a claim under the Ralph Act, California Civil Code § 51.7, for an act of violence motivated by racial bias. *See* SAC, ECF No. 37 ¶¶ 16–39. The Second Amended Complaint contained the following allegation:

> As the direct and proximate result of the conduct of the Defendants, Plaintiffs have been deprived of the decedent's care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

SAC, ECF No. 37 ¶ 21. Following summary judgment motions, only the Section 1983 claim against Officer Pina and the Bane Act claim remain. *See* Summary Judgment Order, ECF No. 70 at 12–17.

On July 14, 2022, the parties filed motions *in limine*. *See* ECF Nos. 79–87. In their second motion *in limine*, Defendants sought an order excluding evidence of any wrongful death damages. *See* Defendants' Second Motion *in Limine*, ECF No. 80. Defendants argued that Plaintiffs only brought claims vicariously on behalf of Mr. Dominguez, so only damages Mr. Dominguez could have sought before his death are available—not damages that accrued following Mr. Dominguez's death. *See id.* Defendants further sought to exclude any reference to Ms. Dominguez's children as plaintiffs, since any claims Mr. Dominguez could have asserted prior to his death passed to Ms. Dominguez alone as his successor-in-interest under California law. *See id.* The Court agreed with Defendants, finding that under the Second Amended Complaint, Plaintiffs could not seek wrongful death damages at trial because Plaintiffs had not asserted a Fourteenth Amendment claim on behalf of Ms. Dominguez and her children for Mr. Dominguez's death. *See* Order on Motions

2

1 *in Limine*, ECF No. 118 at 9–12. However, in light of the allegations regarding Plaintiffs'
2 deprivation of Mr. Dominguez's "care, comfort, society, protection, love, companionship, affection,
3 solace, moral support, physical assistance in the operation and maintenance of the home, and
4 financial support," the Court allowed Plaintiffs the opportunity to seek leave to amend the Second
5 Amended Complaint to add a Fourteenth Amendment claim. *See id.* at 11.

6 In line with the Court's order, Plaintiffs have now moved to amend the scheduling order to
7 allow them to file a Third Amended Complaint containing a Fourteenth Amendment claim asserted
8 on behalf of Ms. Dominguez and her children. *See* Motion, ECF No. 115. Plaintiffs argue that
9 Defendants have been on notice that wrongful death damages were at issue throughout the course
10 of this case, including based on paragraph 21 of the Second Amended Complaint and Plaintiffs'
11 expert disclosures. *See* Motion, ECF No. 115. Defendants oppose, arguing that Plaintiffs do not
12 meet the "good cause" standard for amendment under Federal Rule of Civil Procedure 16 and that
13 Defendants would be prejudiced by Plaintiffs' proposed amendment. *See* Opposition, ECF No. 119.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* R. 15(a)(2). The factors considered when determining whether to grant leave to amend include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, No. 09–CV–02655–LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*,

3

No. 14–cv–00468–KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

### III.   DISCUSSION

Two issues are before the Court:  (1) whether Plaintiffs have shown good cause to amend the scheduling order under Rule 16 and (2) whether Plaintiffs have shown that their proposed amendment to the Second Amended Complaint is proper under Rule 15.  The Court considers each issue in turn.

#### A.   Leave to Amend Scheduling Order under Rule 16

Plaintiffs argue that good cause exists for allowing their proposed amendment because the fundamental interests of justice will be advanced by permitting Plaintiffs to formally plead the wrongful death claim that the parties have been litigating throughout this litigation.  *See* Motion, ECF No. 115 at 2–4.  Further, Plaintiffs argue that the amendment will not cause prejudice to Defendants, because they have long been on notice of the substance of Plaintiffs' wrongful death claim.  *See id.* at 1–2, 5.  In support, Plaintiffs point to the discovery Defendants sought from Ms. Dominguez's children related to wrongful death damages, *see* Crowley Decl., ECF No. 115-1, Exs. 3–4; paragraph 21 of the Second Amended Complaint; and the report of Plaintiffs' expert Phillip Allman, which was disclosed on April 6, 2021 and which pertains to wrongful death damages, *see id.*, Ex. 2.  Plaintiffs also point to Defendants' failure to move to strike Plaintiffs' wrongful death allegations or the allegations related to Ms. Dominguez's children throughout the litigation.  *See* Motion, ECF No. 115 at 2.

4

In response, Defendants argue that Plaintiffs seek to amend their complaint based on their carelessness in failing to assert a Fourteenth Amendment claim earlier in the litigation, so Plaintiffs fail to show diligence or good cause under Rule 16. *See* Opposition, ECF No. 119 at 2–5. Further, Defendants argue that they would be prejudiced by Plaintiffs' proposed amendment at this late stage of litigation. *See id.* at 5–6. In support, Defendants point to the fact that they did not pursue an expert to oppose Mr. Allman's testimony; they did not depose Ms. Dominguez's minor children; they have prepared for trial in reliance on the scheduling order and Plaintiffs' claims asserted in the Second Amended Complaint; and they had no opportunity to move to dismiss or for summary judgment as to any Fourteenth Amendment claim. *See id.*

The Court agrees with Plaintiffs as to good cause. The Court finds that it is in the interest of justice to allow Plaintiffs to amend their complaint to include a Fourteenth Amendment claim. The amendment Plaintiffs seek is only a technical amendment. Plaintiffs have amply disclosed the fact that they are seeking wrongful death damages throughout the litigation, including in paragraph 21 of the Second Amended Complaint. Denying Plaintiffs the opportunity to include the magic words "Fourteenth Amendment" and thereby seek wrongful death damages at trial when it is clear that the parties have understood throughout the litigation that Plaintiffs sought wrongful death damages would be unfair.

Defendants' argument that the Court should deny Plaintiffs' motion because Plaintiffs' conduct has shown a lack of diligence is unavailing. Moving for the Court to allow a technical amendment like the one Plaintiffs seek does not betray a lack of diligence, particularly when Plaintiffs have alleged wrongful death damages throughout the litigation. Defendants' case law involves much more serious failures of disclosure than the formality at issue here. *See Johnson*, 975 F.2d at 606–607 (plaintiff failed to amend complaint even after defendant's counsel wrote letter inquiring whether plaintiff intended to remedy deficiency with complaint); *Western States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 736–38 (9th Cir. 2013) (plaintiff failed to timely assert federal antitrust claims).

Further, the Court agrees with Plaintiffs that Defendants have not shown sufficient prejudice to justify denying Plaintiffs' motion under Rule 16. Defendants have been on notice that Plaintiffs

5

1    are seeking wrongful death damages for years. The Second Amended Complaint, which included
2    paragraph 21 alleging wrongful death damages, was filed on April 12, 2019—nearly three and a
3    half years ago. *See* SAC, ECF No. 37. Plaintiffs disclosed the expert report of Mr. Allman, which
4    disclosed opinions related to wrongful death damages, on April 6, 2021—nearly a year and half ago.
5    *See* Crowley Decl., ECF No. 115-1, Ex. 2. Accordingly, Defendants have had ample opportunity
6    to litigate wrongful death damages throughout the course of this case. In fact, Defendants have
7    sought discovery on this issue. *See* Crowley Decl., ECF No. 115-1, Exs. 3–4; *see also* Crowley
8    Decl., ECF No. 115-1, Ex. 5.

9    Defendants argue that they had no opportunity to move to dismiss or for summary judgment
10   as to Plaintiffs' Fourteenth Amendment claim. *See* Opposition, ECF No. 119 at 5. But as Plaintiffs
11   point out, Defendants could have moved to strike paragraph 21 of the Second Amended Complaint
12   throughout the course of this litigation, and Defendants declined to do so. *See* Motion, ECF No.
13   115 at 2. It appears more likely that Defendants made a tactical decision to wait until the last minute
14   to raise this issue in hopes that they would have run out the clock on amendments. Defendants
15   further argue that they did not pursue an expert to oppose Mr. Allman's testimony regarding
16   wrongful death damages. *See* Opposition, ECF No. 119 at 5. The Court is not sympathetic, given
17   that Defendants had ample notice of Plaintiffs' wrongful death allegations. Further, Defendants had
18   an opportunity to depose Mr. Allman. *See* Crowley Decl., ECF No. 115-1, Ex. 5. These facts
19   suggest that Defendants made a decision not to retain a wrongful death damages expert, knowing
20   that wrongful death may end up being at issue at trial. Defendants now must live with that decision.
21   Defendants additionally argue that they have been preparing for trial in reliance on the claims
22   Plaintiffs asserted in their Second Amended Complaint. *See* Opposition, ECF No. 119 at 5. But the
23   Court gave Defendants the opportunity to seek a continued trial date, and Defendants indicated at
24   the August 2, 2022 case management conference that they would not be seeking a continued trial
25   date if Plaintiffs were given leave to amend their complaint.

26   The Court acknowledges that allowing Plaintiffs to amend their complaint on the eve of trial
27   comes with the risk of some prejudice to Defendants. However, based on the above reasoning, the
28   Court does not find that such prejudice is serious enough to warrant denying Plaintiffs' motion under

Rule 16.

Accordingly, the Court finds that Plaintiffs have shown good cause under Federal Rule of Civil Procedure 16 for leave to amend the scheduling order.

### B. Leave to Amend Complaint under Rule 15(a)(2)

The remaining question before the Court is whether Plaintiffs have shown that amendment of the Second Amended Complaint is appropriate under Federal Rule of Civil Procedure 15(a)(2). Plaintiffs argue that their proposed amendment will not cause any delay since the trial date should be maintained; the amendment will not cause Defendants prejudice for the reasons outlined above; and Plaintiffs' conduct does not suggest bad faith or a dilatory motive. *See* Motion, ECF No. 115 at 5. Other than prejudice, Defendants fail to provide any argument regarding the factors under Rule 15(a)(2). The Court agrees with Plaintiffs. Since the case schedule will remain the same if Plaintiffs amend their complaint; prejudice to Defendants is minimal; and there is no indication of bad faith or dilatory motive—Plaintiffs promptly moved to amend their complaint upon notice of its deficiencies by the Court—the Court finds that Plaintiffs' amendment is proper under Rule 15(a)(2).

## IV. ORDER

Based on the above reasoning, the Court GRANTS Plaintiffs' motion. Plaintiffs SHALL file their Third Amended Complaint within three days of this Order.

**IT IS SO ORDERED.**

Dated: August 8, 2022

_____
BETH LABSON FREEMAN
United States District Judge