1  JOHN KEVIN CROWLEY (SBN: 88189)
   *ATTORNEY AT LAW*
2  125 S. Market Street, Suite 1200
   San Jose, California 95113-2288
3  Telephone: (408) 288-8100
   Facsimile:  (408) 288-9409
4  e-mail: jkclaw@pacbell.net

5  Attorney for Plaintiffs
   **JESSICA DOMINGUEZ INDIVIDUALLY**
6  **AND JESSICA DOMINGUEZ AS GUARDIAN**
   **AD LITEM FOR JAD (1), JAD (2)**
7  **AND JAD (3)**

8

9

10             **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13

| JESSICA DOMINGUEZ INDIVIDUALLY AND JESSICA DOMINGUEZ AS GUARDIAN AD LITEM FOR JAD (1), JAD (2) AND JAD (3), | Case No.: 5:18-cv-04826-BLF |
|---|---|
| Plaintiffs, | **THIRD AMENDED COMPLAINT FOR:** |
| vs. | **(1) VIOLATION OF CIVIL RIGHTS (42 U.S.C §1983);** |
| CITY OF SAN JOSE, SAN JOSE POLICE DEPARTMENT, MICHAEL PINA, AND DOE POLICE OFFICERS 2 through 5, | **(2) VIOLATION OF CIVIL RIGHTS (CAL. CIVIL CODE §52.1); AND** |
|  | **(3) VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)** |
| Defendants. | **Trial Date: 08/22/2022** |

Plaintiffs, JESSICA DOMINGUEZ INDIVIDUALLY AND JESSICA DOMINGUEZ AS GUARDIAN AD LITEM FOR JAD (1), JAD (2) AND JAD (3), hereby demand a trial by jury on all claims set forth herein, and allege as follows:

**INTRODUCTION**

1.  This case concerns the shooting death of JACOB ARTURO DOMINGUEZ, a 33-year-old Mexican-American man, who was shot one time and killed by San Jose

Police officers.

2. Jacob's wife and his three children bring claims for violations of Jacob's civil rights and his wrongful death.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because the action arises under 42 U.S.C. §1983. Venue is proper in this judicial district because the events giving rise to the claims occurred within the district.

## PARTIES

4. Plaintiff, JESSICA DOMINGUEZ, is the wife of JACOB ARTURO DOMINGUEZ and the mother of Jacob's minor children, and is the legal guardian for them, and brings this action both on her own behalf, and as guardian on behalf of JAD (1), JAD (2) AND JAD (3).

5. JESSICA DOMINGUEZ INDIVIDUALLY AND JESSICA DOMINGUEZ AS GUARDIAN AD LITEM FOR JAD (1), JAD (2) AND JAD (3) are the surviving heirs of JACOB ARTURO DOMINGUEZ.

6. Defendant, CITY OF SAN JOSE, is a municipal corporation located in the County of Santa Clara, State of California. The CITY OF SAN JOSE maintains a police department, which acts as its agent in the area of law enforcement.

7. Defendant, MICHAEL PINA, is an individual and is employed as a police officer by the CITY OF SAN JOSE, and at all times relevant to the incident described in this complaint was acting in the course and scope of that employment and was acting under color of law.

8. On or about February 13, 2018, a written demand for reports and records was submitted to the San Jose Police Department pursuant to the Public Records Act, related to the shooting death of JACOB A. DOMINGUEZ on or about September 15, 2017, at or near Penitencia Creek Road and White Road, in the City of San Jose. Said request was denied by the City of San Jose Police Department.

9. Upon information and belief, each of the parties named as a Defendant was acting as the agent, servant and employee of the remaining such Defendants and was acting within the course and scope of such agency and employment, with the knowledge, permission, and consent of each other and of the remaining Defendants, and for the benefit of all or one or more of those parties referred to as Defendants.

10. Plaintiffs are informed and believe that when the Defendants perpetrated all or some of the acts, conduct and/or omissions alleged herein, each of them individually, or through their authorized agents, servants, employees, or both, knew of such acts, conduct and omissions, and/or knowingly acquiesced in, and/or aided and abetted, and/or knowingly accepted the benefits of the same. Plaintiffs are, therefore, informed and believe that, by reason of the foregoing, Defendants are jointly and severally liable to Plaintiffs for such damages suffered as alleged herein.

**FACTS**

11. On or about September 15, 2017, JACOB A. DOMINGUEZ was operating a KIA Sorento SUV. As he approached the intersection of Penitencia Creek Road and White Road in the City of San Jose, he was accosted by unidentified and unmarked vehicles which blocked his egress and access and stopped him in the intersection.

12. Unbeknownst to JACOB A. DOMINGUEZ, the City of San Jose Police Department and the City of San Jose Police Officers, without police sirens, emergency lights or identification markings of any kind on their vehicles, were in pursuit of JACOB A. DOMINGUEZ, lacking probable cause or legal justification, approached the vehicle then and there occupied by JACOB A. DOMINGUEZ and without notification, warning, identification, instruction, or probable cause, approached the occupied KIA Sorento SUV and thereupon shot and killed JACOB A. DOMINGUEZ, who had presented no facts justifying the use of deadly force by the government agents.

13. JACOB A. DOMINGUEZ was not under arrest and was never a lethal threat to the police officers or anyone else; JACOB A. DOMINGUEZ never threatened the use

of force on himself or another. JACOB A. DOMINGUEZ had his hands raised above the steering wheel when defendant MICHAEL PINA put one bullet through the driver's side window into the left side jaw area of JACOB A. DOMINGUEZ, which described wrongful, unreasonable and excessive force caused JACOB A. DOMINGUEZ to suffer fatal injuries. The Police Officers' and MICHAEL PINA's conduct amounted to an extreme abuse of their positions of authority, a grossly negligent performance of their duties, and/or intentional misconduct.

## INCORPORATION OF PRELIMINARY ALLEGATIONS

14. Unless the context clearly indicates otherwise, the preliminary allegations contained in paragraphs 1 through 13, inclusive, shall be deemed to be incorporated herein by reference, as though fully set forth at length in each and every cause of action set forth in this complaint.

## FIRST CAUSE OF ACTION

**[Action by Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD( 1), JAD (2) and JAD (3), Minor Children, Against Defendants and Does II through V for Violation of Civil Rights (42 U.S.C. §1983)]**

## PARTIES

15. Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, bring this claim against all Defendants, including Does II through V, inclusive, and Plaintiffs hereby repeat and re-allege each and every allegation of this Complaint hereinabove with the same force and effect as if fully set forth herein.

## VIOLATIONS CHARGED

16. On or about September 15, 2017, in which San Jose Police Officers, defendant MICHAEL PINA, DOE 2, DOE 3, DOE 4 and DOE 5 (hereinafter "Officers"), did employ unreasonable and excessive force in the encounter, assessment, investigation, apprehension, assault, shooting and death of JACOB A. DOMINGUEZ at

or within an automobile located at or near the intersection of Penitencia Creek Road and White Road in the City of San Jose, under the following circumstances:

17. The City of San Jose Police Officers, without probable cause, police sirens, emergency lights or identification markings of any kind on their vehicles, were in pursuit of JACOB A. DOMINGUEZ, who, on information and belief, was operating a KIA Sorento SUV automobile. At about 7:00 p.m., as JACOB A. DOMINGUEZ approached the intersection of Penitencia Creek Road and White Road in the City of San Jose, the unmarked and unidentified pursuit police vehicles, without notice, sirens or warning of any kind, surrounded the vehicle then and there occupied by JACOB A. DOMINGUEZ and without notification, warning, identification, instruction, approached the occupied KIA Sorento SUV and thereupon discharged at least one bullet from a semi-automatic police rifle through the driver's side window into JACOB A. DOMINGUEZ's head killing him, when there was presented no material facts justifying the use of lethal or deadly force by the government agents.

18. JACOB A. DOMINGUEZ was not under arrest and based on information and belief, was never a lethal threat to the police officers or anyone else; JACOB A. DOMINGUEZ never threatened the use of force on himself or another.

19. The Police Officers above-described wrongful, unreasonable and excessive use of force caused JACOB A. DOMINGUEZ to suffer fatal injuries. The Police Officers' conduct amounted to an extreme abuse of their positions of authority, a grossly negligent performance of their duties, and/or intentional misconduct and acted under color of law to deprive JACOB ARTURO DOMINGUEZ of certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

//

## DAMAGES

20. As the direct and proximate result of the conduct of the Defendants, Plaintiffs have been deprived of the decedent's care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

21. As a further direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

22. As a further direct and proximate result of the death of the deceased, Plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in an amount according to proof.

23. Plaintiffs are entitled to an award of punitive damages as against the Defendants, because of their malicious conduct.

24. Plaintiffs are entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

**[Action by Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, Against All Defendants and Does II through V for Violation of Civil Rights (California Civil Code §52.1)]**

## PARTIES

25. Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, bring this claim against all Defendants, including Does II through V, inclusive, and Plaintiffs hereby repeat and re-allege each and every allegation of this Complaint hereinabove with the same force and effect as if fully set forth herein.

## VIOLATIONS CHARGED

26. On or about September 15, 2017, in which San Jose Police Officers, MICHAEL PINA, DOE 2, DOE 3, DOE 4 and DOE 5, while in the course and scope of their employment with the City of San Jose, deprived JACOB ARTURO DOMINGUEZ of

certain clearly-established Constitutional rights, including the right to be free from unreasonable seizures of the person and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution and did employ unreasonable and excessive force in the encounter, assessment, investigation, apprehension, assault, shooting and death of JACOB A. DOMINGUEZ at or within an automobile located at or near the intersection of Penitencia Creek Road and White Road in the City of San Jose, in violation of California Civil Code §52.1.

## DAMAGES

27. As the direct and proximate result of the foregoing, Plaintiffs have been deprived of the decedent's care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

28. As a further direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

29. As a further direct and proximate result of the death of the deceased, Plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in an amount according to proof.

30. Pursuant to California Civil Code §52, Plaintiffs are entitled to an award of statutory damages in an amount up to three times the amount of actual damages.

31. Pursuant to California Civil Code §52, Plaintiffs are entitled to an award of attorney's fees.

## THIRD CAUSE OF ACTION

**[Action by Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for JAD (1), JAD (2) AND JAD (3), Minor Children, Against Defendants and Does II through V for Violation of Plaintiffs' Fourteenth Amendment Rights / Right to Familial Relationship]**

## PARTIES

32. Plaintiffs, Jessica Dominguez individually and as Guardian ad Litem for

JAD (1), JAD (2) AND JAD (3), Minor Children, bring this claim against all Defendants, including Does II through V, inclusive.

## VIOLATIONS CHARGED

33. Plaintiffs repeat and re-allege each and every allegation of this Complaint hereinabove with the same force and effect as if fully set forth herein.

34. Decedent's surviving spouse, Jessica Dominguez, individually, has a cognizable interest under the United States Constitution to be free from state actions that deprive of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her husband, decedent JACOB DOMINGUEZ.

35. Decedent's surviving three minor children JAD (1), JAD (2) and JAD (3), by and through their mother, Jessica Dominguez, who are represented by counsel, individually and respectively, have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted interference in Plaintiffs' familial relationship with Decedent.

36. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

37. As a result of the excessive force by Defendants and DOES II through V, Decedent was killed. The individual Plaintiffs were thereby deprived of their constitutional right of a familial relationship with Decedent.

38. Defendants and DOES II through V, acting under color of state law, thus violated the Fourteenth Amendment rights of the individual Plaintiffs to be free from unwarranted interference with their familial relationship.

39. The aforementioned actions of Defendants, and DOES II through V, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and/or the individual Plaintiffs and with the purpose to harm unrelated to any legitimate law enforcement objective.

40. Defendants, and DOES II through V, acting under color of state law, thus violated the Fourth and Fourteenth Amendment rights of Decedent and/or the individual Plaintiffs.

41. As a direct and proximate cause of the acts of Defendants, and DOES II through V, Decedent experienced severe pain and suffering and lost his life and earning capacity. The individual Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.

42. Plaintiff Jessica Dominguez, individually, and Decedent's and Jessica Dominguez' children JAD (1) through (3), have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of the Decedent, and will continue to be so deprived for the remainder of their natural life. The individual Plaintiffs seek all permissible damages under California Code of Civil Procedure sections 377.60 and 377.61, including, but not limited to, damages for their grief, sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering of the Decedent, any penalties, including, but not limited to, exemplary and punitive damages against the individual defendant officers.

43. Defendants, and DOES II through IV, are liable for Decedent's and the individual Plaintiffs' injuries because they were integral participants in the denial of due process. The conduct of Defendants, and DOES II through IV, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and/or the individual Plaintiffs, and therefore warrant the imposition of exemplary and punitive damages as applicable by law.

//

## DAMAGES

44. As the direct and proximate result of the foregoing and the death of the deceased, Plaintiffs have been deprived of his care, comfort, society, protection, love, companionship, affection, solace, moral support, physical assistance in the operation and maintenance of the home, and financial support.

45. As a further direct and proximate result of the foregoing, Plaintiffs have been generally damaged in a sum to be established according to proof.

46. As a further direct and proximate result of the death of the deceased, Plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in an amount according to proof.

47. Plaintiffs also seek statutory attorney fees under 42 U.S.C. section 1988 and costs under this claim.

## PRAYER

**WHEREFORE**, Plaintiffs request the following relief:

1. As against all Defendants, for compensatory and statutory damages according to proof,

2. As against the individual officer Defendants, for an award of punitive damages;

3. As against all Defendants, for an award of reasonable attorney's fees;

4. As against all Defendants, for costs of suit; and

5. For such other and further relief as the Court deems just and proper.

Dated: August 8, 2022

*/s/ John Kevin Crowley*
JOHN KEVIN CROWLEY
Attorney for Plaintiffs,
JESSICA DOMINGUEZ,
INDIVIDUALLY AND AS GUARDIAN
AD LITEM FOR JAD (1), JAD (2) AND
JAD (3)